UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGELIO ALBERT PENA,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>CELEBRITIES UNLIMITED, INC. d/b/a FIELD OF DREAMS,<br><br>　　　　　　　　　Defendant. | Docket No. 17-cv-1853<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Rogelio Albert Pena ("Pena" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Celebrities Unlimited, Inc. ("Celebrities Unlimited" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Texas Rangers baseball player Rougned Odor punching Jose Bautista of the Toronto Blue Jays during a game. The photograph is owned and registered by Pena, a Texas photojournalist. Accordingly, Pena seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant is doing business in New York State, insofar as goods purchased online from Defendant's Website (see Paragraph 6 *infra*) can be shipped to New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Pena is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business located at 16715 Cleary Circle, Dallas, Texas 75248. Pena's photographs have appeared in many publications around the United States.

6. Upon information and belief, Celebrities Unlimited (doing business as Field of Dreams) is a corporation duly organized and existing under the laws of the State of Texas, with a place of business located at 13350 Dallas Parkway, Dallas, TX, 75240, and is described as "the nation's leading celebrity, sports and gift store." See http://www.galleriadallas.com/store/field-of-dreams/. At all times material hereto, Celebrities Unlimited has owned and operated a website at the URL: www.fieldofdreamstexas.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. On May 15, 2016, Pena photographed Texas Rangers baseball player Rougned Odor punching Jose Bautista of the Toronto Blue Jays during a baseball game (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Pena is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. On or about May 16, 2016, Pena published the Photograph online through Cal Sport Media, a sports and entertainment wire service. Cal Sport Media's website states clearly that all images archived "on the Cal Sport Media Wire . . . are for editorial use only." See csmimages.com. Plaintiff was credited as the copyright owner of the Photograph on Cal Sport Media's website. See Exhibit B.

10. The Photograph was registered with the Copyright Office and was given U.S. Copyright Registration Number VA0002014572.

**B.     Defendant's Infringing Activities**

11. While shopping at a Field of Dreams store in Dallas, Texas, Pena came across 12 copies of the Photograph, framed with the description "Rougned Odor: Don't Mess With Texas II." The Photograph was priced for sale at $19.99. See Exhibit C. The Photograph, as sold in Defendant's store, did not contain any information identifying Plaintiff as the author.

12. Celebrities Unlimited did not license the Photograph from Plaintiff, nor did Celebrities Unlimited have Plaintiff's permission or consent to republish the Photograph or offer it for sale in its store.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CELEBRITIES UNLIMITED)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Celebrities Unlimited infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph in its store. Celebrities Unlimited is not, and

has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Celebrities Unlimited have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his/her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

21. Alternatively, Plaintiff may elect to recover from Celebrities Unlimited statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**CELEBRITIES UNLIMITED**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was first published on the Cal Sport Media website, it contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Celebrities Unlimited intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Celebrities Unlimited violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Celebrities Unlimited's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Celebrities Unlimited intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Celebrities Unlimited also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Celebrities Unlimited as alleged herein, Plaintiff is entitled to recover from Celebrities Unlimited the damages that he sustained and will

sustain, including attorney's fees and costs, and any gains, profits and advantages obtained by Celebrities Unlimited because of its violations of 17 U.S.C. §1202.

29. Alternatively, Plaintiff may elect to recover from Celebrities Unlimited statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Celebrities Unlimited be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Celebrities Unlimited be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 13, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/     Kamanta C. Kettle
    Kamanta C. Kettle

Kamanta C. Kettle
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: (516) 233-1660
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Rogelio Albert Pena*